FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 OCT 19 PM 1:02
MARGARET BOTKINS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

**Civil Action No.** 26-cv-313-SPK

**YING FRIEND,**

Plaintiff,

v.

**BRYANT R. FRIEND,**

Defendant.

## COMPLAINT FOR ENFORCEMENT OF MILITARY RETIRED PAY DIVISION AND FOR DAMAGES

Plaintiff **Ying Friend,** proceeding pro se, files this Complaint against Defendant **Bryant R. Friend** and alleges as follows:

### I. PARTIES AND JURISDICTION

**1**. Plaintiff Ying Friend is a United States citizen residing at 7-C, Building B, Bishuiyuan Honghu Erjie, Luohu District, Shenzhen, Guangdong 518000, China.

**2**. Defendant Bryant R. Friend is a United States citizen residing at Chyngyz Aitmatov 76, Apartment 23, Bishkek, 720001, Kyrgyzstan.

**3**. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, specifically the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408.

**4**. This Court has personal jurisdiction over Defendant because he was subject to the personal jurisdiction of the Wyoming state court that entered the divorce decree, and the enforcement of that decree's property division is a continuing obligation arising from that proceeding.

**5**. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the original divorce action was filed and adjudicated in Laramie County, Wyoming, and the property division order was entered by this District.

## II. FACTUAL BACKGROUND

**6**. On March 5, 2025, the District Court for the First Judicial District, Laramie County, Wyoming, entered a Stipulated Decree of Divorce dissolving the marriage between Plaintiff and Defendant.

**7**. The Decree awarded Plaintiff 38% of Defendant's military retired pay as her property division, effective March 5, 2025. At the time of the Decree, this amounted to $947.55 per month. (Paragraph 7 of the Decree)

**8**. On May 20, 2025, the state court entered a Military Retired Pay Division Order confirming Plaintiff's entitlement to 38% of Defendant's military retired pay.

**9**. Plaintiff received no payments at all from March 2025 through October 2025 — a period of eight months.

**10**. Beginning in November 2025, DFAS began making partial payments to Plaintiff. However, DFAS pays Plaintiff only approximately $350 per month — far less than the amount required by the Decree. DFAS records show that Plaintiff received only the net amount after a significant deduction from the court-ordered retirement pay. This deduction was applied to Defendant's child support obligation. The monthly shortfall is approximately $600.

**11**. Defendant caused this illegal offset to satisfy his separate child support obligation.

**12**. Plaintiff has repeatedly attempted to resolve this issue through the state court.

**13**. Plaintiff filed motions to enforce the Decree, to clarify the Decree, and to modify summer visitation.

**14**. On June 10, 2026, the state court dismissed all of Plaintiff's pending motions without prejudice, ruling that it lacked personal jurisdiction over Defendant because service of process had not been properly completed under Rule 4, W.R.C.P.

**15**. Plaintiff made two separate attempts to obtain court approval to serve Defendant by email.

**16**. First, on June 11, 2026, Plaintiff filed a Motion for Alternative Service by Email.

**17**. On June 30, 2026, the state court denied that motion.

**18**. Second, on July 7, 2026, Plaintiff filed a Motion for Reconsideration, providing additional

evidence that Kyrgyzstan is not a signatory to the Hague Service Convention, meaning she had no other available means of service.

**19**. On August 7, 2026, the state court denied the Motion for Reconsideration.

**20**. The state court has twice refused to permit email service, leaving Plaintiff with no means to obtain personal jurisdiction over Defendant in that forum, despite Plaintiff having already exhausted all other reasonable means of service.

**21**. Defendant has used his email address bryantfriend@yahoo.com to communicate with Plaintiff and with the state court throughout this case.

**22**. Defendant has filed documents in the state court using this email address.

**23**. The state court has sent orders and notices to Defendant at this email address.

**24**. Email service is reasonably calculated to provide actual notice to Defendant.

**25**. Paragraph 2(a) of the Decree grants Plaintiff "final decision-making authority" on all major decisions involving the children. This authority is directly relevant to Plaintiff's ability to enforce the Decree's property division, as Defendant's ongoing failure to cooperate with court orders has required Plaintiff to seek judicial intervention. Defendant has stated in writing that he is willing to assist with the children's passport renewal, but his statement is not legally binding and does not guarantee future cooperation.

## III. CLAIM FOR RELIEF

### Count I: Violation of the Military Retired Pay Division Order (Property Division)

**26**. Plaintiff re-alleges paragraphs 1 through 25.

**27**. Defendant has illegally offset Plaintiff's court-ordered military retired pay by causing DFAS to pay only a small fraction of the amount awarded.

**28**. This offset is not authorized by any court order.

**29**. The Decree's property division is a final judgment that Defendant is obligated to comply with.

**30**. Defendant's conduct has deprived Plaintiff of her full retirement pay as follows: from March 2025 through October 2025, Plaintiff received nothing — a total loss of approximately $7,580. From November 2025 to the present, Plaintiff has lost approximately $600 per month. This ongoing deprivation has caused and continues to cause Plaintiff serious financial harm.

**31**. Plaintiff seeks full restoration of her monthly retirement payments and all arrears.

Count II: Clarification of the Decree to Facilitate Enforcement

**32**. Plaintiff re-alleges paragraphs 1 through 25.

33. Paragraph 2(a) of the Decree provides that "Mother shall have final decision-making authority" on major decisions involving the children.

34. Defendant's ongoing refusal to cooperate with the terms of the Decree has required Plaintiff to seek judicial intervention to enforce her rights under the Decree.

35. Plaintiff seeks clarification that her "final decision-making authority" authorizes her to make major decisions for the children, including passport renewal, without Defendant's consent, so that she may exercise her rights under the Decree without further obstruction.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. ORDER Defendant to cease all unlawful offsets against Plaintiff's military retired pay;
2. ORDER DFAS to restore Plaintiff's full monthly payment as required by the Decree;
3. ORDER Defendant to pay all arrears from the date of the illegal offset to the present;
4. PERMIT service of process upon Defendant by email at bryantfriend@yahoo.com;
5. CLARIFY that Paragraph 2(a) of the Decree, which grants Plaintiff "final decision-making authority" on major decisions involving the children, authorizes Plaintiff to apply for and renew the minor children's U.S. passports without the consent of Defendant;
6. AWARD Plaintiff her costs and such other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of September, 2026.

***/s/ Ying Friend***

Ying Friend, Plaintiff Pro Se
7-C, Building B, Bishuiyuan Honghu Erjie
Luohu District, Shenzhen, Guangdong 518000
China

yingfriend777@gmail.com

EXHIBIT LIST:

Exhibit Description

Exhibit A -Stipulated Decree of Divorce (Paragraph 7 highlighted)

Exhibit B -Military Retired Pay Division Order

Exhibit C -Order on Pending Motions and Order of Dismissal (June 10, 2026)

Exhibit D -DFAS notice showing reduced payment of approximately $350

Exhibit E -Order Denying Motion for Alternative Service (June 30, 2026)

Exhibit F -Order Denying Motion for Reconsideration (August 7, 2026)

A

WY Laramie County District Court
1st JD
Mar 05 2025 03:18PM
2024-DR-0003050
75775957
**FILED**

DISTRICT COURT OF THE STATE OF WYOMING LARAMIE COUNTY

This order has been: Granted

Judge Peter Froelicher

**IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT**
**STATE OF WYOMING, COUNTY OF LARAMIE**
Civil Action Case No. 2024-DR-0003050

YING FRIEND,
A.K.A. YING TANG,

Plaintiff,

vs.

BRYANT R. FRIEND,

Defendant.

---

**STIPULATED DECREE OF DIVORCE**

---

**THE ABOVE-ENTITLED MATTER** came before this Court upon Plaintiff's *Complaint for Divorce.* Both parties have reviewed this *Stipulated Final Decree of Divorce and Order Discharging Counsel* ("Decree"). Each understands that Rendy S. Lemke of Lemke & Associates, LLC represents the interests of Plaintiff, and that Defendant is *pro se*. Each party agrees to the terms and conditions set forth herein. The Court has examined the file herein, and specifically this *Decree*, and being otherwise fully advised in the premises, finds and orders as follows:

1) <u>Jurisdiction over the Parties and Venue:</u>

a) That the parties have been residents of Wyoming for 180 days prior to the filing of this Complaint. W.S. § 20-2-104 and 20-2-107(a).

5) **INCOME TAX:** Father shall claim both minor children as dependents on his federal tax returns beginning in 2024 and every year thereafter, as long as Mother is not filing a United States return. Should both parents file a United States return in any year, each party shall claim one child; Father shall claim A.A.F. and Mother shall claim E.E.F. Once A.A.F. ages out of parents claiming him on tax returns, the parties alternate claiming E.E.F. Mother shall have even years and Father shall have odd years.

6) Either party or, when appropriate, the Department of Family Services has the right to petition to enforce an order pursuant to Wyo. Stat. Ann. §§20-2-201 through 20-2-204, 20-2-310 and 20-2-311(d).

7) **RETIREMENT AND EMPLOYMENT BENEFITS:**

a) Father shall retain his G.I. Bill for the use by the parties' minor children, A.A.F. and E.E.F. in their pursuit of higher education and will not access these funds for personal use.

b) The Plaintiff shall receive $947.55 per month from Defendant's Retirement Account and a Qualified Domestic Relations Order shall be prepared to execute this transfer. Defendant's Retirement Account #xxxx-xx-1599, held through the Defense Finance and Accounting Service shall be divided as follows:

i) The name, birth date, social security number and last known mailing address of the system member is as follows:

(1) System Member: Bryant R. Friend

(2) Birth date: April 27th, 1983

(3) Social Security Number: xxx-xx-1599

(4) Current Address: 230 Monticello Street, San Francisco CA, 94132

c) The name, birth date, social security number and last known mailing address of the alternate payee is as follows:

(1) Alternate Payee: Ying Friend

(2) Birth date: October 29th, 1984

(3) Social Security Number: xxx-xx-4854

(4) Current Address: 7-C, Building B, Bishuiyuan Honghu Erjie, Luohu, Shenzhen, Guangdong, China 518000

d) Benefits shall be provided to the Alternate Payee as allowed by law. Alternate Payee's share shall be thirty-eight (38%) of the System Member's interest accumulated during the course of the marriage. This period began the 24th day of January, 2008, and ends on the day the Divorce Decree is finalized. Defendant shall not be responsible for any tax ramifications involved with any transfer Plaintiff may execute.

e) Defendant is responsible for preparing any documentation and/or orders necessary to effectuate this transfer. The parties understand this transfer is a non-taxable event unless Plaintiff elects to cash-out the funds in which case any tax consequences, early withdrawal penalties and fees are Plaintiff's sole responsibility.

f) If a Qualified Domestic Relations Order is necessary to effectuate the transfer of $947.55 per month from Defendant's retirement account to a similar account in Plaintiff's name, then Plaintiff shall prepare such order. Defendant shall fully cooperate to provide all information necessary for the preparation of the Qualified Domestic Relations Order. This Court shall retain jurisdiction for the purposes of effectuating the Qualified Domestic Relations Order.

g) The Wife shall receive her share of Husband's military retirement currently in existence and pursuant to the statutory calculation, as follows: Number of months parties were married: One Hundred Ninety-Nine Months (199 Months) divided by Defendant's months in current military service: Two Hundred Sixty-Three Months (263 Months) equals seventy-six percent (76%). Seventy-Six Percent (76%) divided by Fifty Percent equals Thirty-Eight Percent (38%). Thirty Eight Percent (38%) of Defendant's Monthly Net Retirement Pay of Two Thousand Five Hundred Eleven Dollars ($2,511.00) equates to Nine Hundred Forty-Seven Dollars and Fifty-Five Cents ($947.55) per month.

8) **LIFE INSURANCE:**

a) Each party shall retain, as their sole and separate property, exclusive ownership of any life insurance policy of which they are now the owner, and shall maintain all rights associated therewith, including the right to change the beneficiary designation thereon as they may see fit. Further, as contemplated in *Cellars v. Adami*, 2009 WY 120, 216 P.3d 1134, 1143 (Wyo. 2009), the parties specifically and explicitly waive and relinquish any and all of their expectancy interests in and to any of the property, or the proceeds thereof, set over herein to the other party as said party's sole and separate property.

b) Each party shall no longer be considered the beneficiary of life insurance owned by the other party, and each party shall waive and relinquish any right to claim any life insurance proceeds of which they are named as a designated beneficiary on any life insurance policy presently owned by the other party.

B

WY Laramie County District Court
1st JD
May 20 2025 02:00PM
2024-DR-0003050
76310492
**FILED**

| | | |
|---|---|---|
| DISTRICT COURT OF THE STATE OF WYOMING — LARAMIE COUNTY | This order has been: Granted | Judge Peter Froelicher |

**IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT**
**STATE OF WYOMING, COUNTY OF LARAMIE**
Civil Action Case No. 2024-DR-0003050

YING FRIEND, )
A.K.A. YING TANG, )
)
Plaintiff, )
)
vs. )
)
BRYANT R. FRIEND, )
)
Defendant. )

**<u>MILITARY RETIRED PAY DIVISION ORDER</u>**

**THIS MATTER** having come before the Court pursuant to the entry of a *Stipulated Decree of Divorce* with Plaintiff, Ying Friend, appearing by and through attorney, Rendy S. Lemke and Defendant, Bryant Friend (retired serviceman) appearing *pro se* and Plaintiff being entitled to a portion of Defendant's military retired pay and the Court being fully advised in the premises, hereby **FINDS AS FOLLOWS:**

1. Plaintiff/Wife's SSN is **<u>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</u>** and her mailing address is **<u>7-C, Building B, Bishuiyuan Honghu Erjie, Luohu, Shenzhen, Guangdong, China 518000.</u>**
2. Defendant/Huband's SSN is **<u>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</u>** and his mailing address is **<u>Chyngyz Aitmatov 76, Apartment 23,Bishkek, 720001, Kyrgyzstan</u>**.

3. The parties were married on January 24th, 2008 and their marital status terminated on March 5th, 2025 pursuant to the *Stipulated Decree of Divorce* entered in Laramie County, State of Wyoming and this *Military Retired Pay Division Order* is entered incident to the parties' *Stipulated Decree of Divorce,* paragraph 7(d):

> "Benefits shall be provided to the Alternate Payee as allowed by law. Alternate Payee's share shall be thirty-eight (38%) of the System Member's interest accumulated during the course of the marriage. This period began the 24th day of January, 2008, and ends on the day the Divorce Decree is finalized. Defendant shall not be responsible for any tax ramifications involved with any transfer Plaintiff may execute."

4. The parties were married in excess of ten (10) years during which Defendant/Husband performed at least ten (10) years of service creditable for retirement eligibility purposes.
5. Defendant/Husband – Military Member was *not* on active duty at the time of this order and the Servicemembers' Civil Relief Act, 50 U.S.C. App. 501-548 and 560-591 are not applicable herein and all Military Member's civil rights have been observed and honored.
6. This Court has personal and subject matter jurisdiction over both Plaintiff and Defendant herein based upon Wyo. Stat. § 20-5-301(a)(iv).

**CONCLUSIONS OF LAW:**

1. This Court has jurisdiction of the parties and the subject-matter of this action.
2. Plaintiff/Wife is entitled to a portion of Defendant/Husband's United States military retired pay as set forth herein.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1. The Military Servicemember, Defendant/Husband has retired from active or reserve duty and the **former spouse/Plaintiff/Wife is awarded 38% of the service member's disposable military retired pay, as calculated below**:
   a. Husband spent Two Hundred Eighty-Three (263) months on active duty. The parties were married for One Hundred Ninety-Nine (199) months of active duty. 199 ÷ 263 (x100) = 76 divided by 2 (half to H and half to W) = 38%
2. Wife is entitled to Thirty Eight Percent (38%) of Defendant's Monthly Retirement Pay of Two Thousand Five Hundred Eleven Dollars ($2,511.00) which equates to Nine Hundred Forty-Seven Dollars and Fifty-Five Cents ($947.55) per month.
3. The Rule of 10/10 applies, such that the parties were married in excess of ten (10) years that overlap the Servicemember's twenty (20) years of service. The parties were married seventeen (17) years of the Servicemember's twenty (20) years of service.
4. The Military Servicemember, Defendant/Husband entered the service after September 1st, 1980.
5. The *Stipulated Decree of Divorce* was entered on March 5th, 2025 and the Military Servicemember, Defendant/Husband's GM 1 military retired pay base was Two Thousand Five Hundred Eleven Dollars ($2,511.00).
6. The *Stipulated Decree of Divorce* was entered on March 5th, 2025 and the member's military retired pay base was Two Thousand Five Hundred Eleven Dollars ($2,511.00) and the member had zero (0) reserve retirement points.

**HEREBY ORDERED and ISSUED by the Honorable Peter Froelicher District Judge of the First Judicial District, as reflected on the official signature stamp atop this order.**

APPROVAL AS TO FORM AND CONTENT:

Rendy S. Lemke
ID QH2WRX98YFsLuM4CwJb2xNLj

Rendy S. Lemke, Attorney for Plaintiff

Bryant R. Friend
ID khoru9Tjj6yiPT16djvy5KYh

Bryant Friend, *pro se* Defendant

Copies to:
Rendy S. Lemke, Attorney for Plaintiff
Bryant Friend, *pro se* Defendant

## eSignature Details

| | |
|---|---|
| **Signer ID:** | **khoru9Tjj6yiPT16djvy5KYh** |
| Signed by: | Bryant Friend |
| Sent to email: | bryantfriend@yahoo.com |
| IP Address: | 77.235.25.94 |
| Signed at: | Apr 28 2025, 3:19 am MDT |

| | |
|---|---|
| **Signer ID:** | **QH2WRX98YFsLuM4CwJb2xNLj** |
| Signed by: | Rendy Lemke |
| Sent to email: | rendy@lemkelawoffices.com |
| IP Address: | 66.33.8.248 |
| Signed at: | Apr 28 2025, 1:22 pm MDT |

This document constitutes a ruling of the court and should be treated as such.

—

**/s/ Judge Peter Froelicher**

C

WY Laramie County District Court
1st JD
Jun 10 2026 03:55PM
2024-DR-0003050
79717419
FILED

**IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT**
**STATE OF WYOMING, COUNTY OF LARAMIE**

**DOCKET NO. DR-3-050**

YING FRIEND, )
Plaintiff, )
vs. )
BRYANT FRIEND, )
Defendant. )

## ORDER ON PENDING MOTIONS AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court upon all current pending motions, including Defendant's motion to release the home sale proceeds held by Plaintiff's former counsel, Plaintiff's motions to enforce the stipulated divorce decree, to clarify the stipulated divorce decree, and to modify Defendant's summer visitation. A status hearing and hearing on the pending motions was held on June 10, 2026. Plaintiff appeared by videoconference, and she provided testimony and argument. Defendant failed to appear. The Court, having reviewed the file and the pleadings, considered the evidence and argument made at the hearing and being fully informed in the premises, finds, concludes and orders as follows:

1. The Court entered a stipulated decree of divorce between the parties on March 5, 2025.

2. Neither Plaintiff nor Defendant currently reside in Laramie County or Wyoming and have not resided in Wyoming for years. The sole connection to Wyoming was the real property

owned by Defendant, which was sold in 2025, and a declaration by Defendant that he was in the military and his residence was Wyoming. Defendant is no longer in the military and lives and works in Kyrgyztan. The parties two children live primarily in China with Plaintiff and have not lived in Wyoming in the past five years.

3. Defendant's has credit card accounts from American Express, account number ending in 5003, and Visa, account number ending in 1714. Defendant is the primary account holder on both accounts and Plaintiff was an authorized user on at least one account during the Parties' marriage. Defendant's filings reflect he is the account holder for both credit card accounts. Plaintiff testified neither credit card company bills her nor have they sought to collect from her for any debts from the accounts.

4. Mother agreed at the hearing that she has not personally served Defendant with any of her pending motions pursuant to Rule 4, W.R.C.P.

5. The remaining proceeds from the sale of the parties' marital home are deposited in Plaintiff's former counsel's, Rendy Lemke, escrow account. Ms. Lemke contacted the Court seeking guidance on what to do with the proceeds.

6. Motions to enforce a divorce decree or motions for an order to show cause must be served on the respondent pursuant to Rule 4, W.R.C.P. *Oedekoven Oedekoven*, 475 P.2d 307 Wyo. 1970). There must be strict compliance with the rules for service. *Hopeful v. Etchepare, LLC*, 2023 WY 33A, ¶ 44, 528 P.3d 414, 427 (Wyo. 2023).

7. Petitions to modify child custody shall comply with Wyo. Stat. §§ 20-2-203 and 204, which include specific procedural steps and require service of process pursuant to Rule 4, W.R.C.P.

8. Pursuant to Wyo. Stat. §§ 20-5-302(a), this Court no longer has jurisdiction to modify the stipulated divorce decree's child custody orders.

**IT IS THEREFORE ORDERED** Defendant's motion for release of the escrow funds held by Rendy Lemke is **GRANTED IN PART.** The remaining proceeds from the sale of the marital home being held in Ms. Lemke's escrow account shall be released to Defendant within twenty-one (21) days of this order. Defendant shall provide Ms. Lemke with all necessary information to allow Ms. Lemke to release the proceeds.

**IT IS FURTHER ORDERED** that Defendant **shall** use all the released funds to pay off his credit card debts from American Express, account number ending in 5003, and Visa, account number ending in 1714, and **shall** file with the Court copies of the credit card statements showing that he used all the released proceeds to pay those debts within ninety (90) days of this Order.

**IT IS FINALLY ORDERED** that all Plaintiff's pending motions to enforce the divorce decree, clarify the divorce decree, and to modify summer visitation under the divorce decree are **DENIED** and **DISMISSED WITHOUT PREJUDICE** because the Court does not have personal jurisdiction over Defendant and does not have jurisdiction to modify the divorce decree's child custody orders.

Dated this the 10th day of June 2026.

/s/ *Peter H. Froelicher*
PETER H. FROELICHER
DISTRICT JUDGE

cc: ~~Rendy Lemke~~

Ying Friend - M

Bryant Friend - M

**:OPIES DISTRIBUTED**
/11/2026
ıne Sanchez
:rk of District Court
ramie County
stributed by: Rachel Gutierrez

District Court of the State of Wyoming
1st Judicial District
SEAL
Laramie County

**CERTIFIED**
TO BE A FULL TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT ON FILE OF RECORD
06/11/2026 Diane Sanchez
Diane Sanchez, Laramie County Clerk of District Court
Certified by: Rachel Gutierrez

D

YING FRIEND 20251022

EFFECTIVE WITH CHECK DATED OCT 31 2025, YOUR ENTITLEMENT
WILL BE CHANGED AS FOLLOWS:

| | |
|---|---|
| CHILD SUPPORT | .00 |
| ALIMONY | .00 |
| COMM PROP | 352.81 |
| FED TAX | .00 |
| ADDL FED TAX | .00 |
| TAX CODE | M03 |

000007

YING FRIEND
7-C BUILDING B
BISHUIYUAN HONGHU ERJIE LUOHU
GUANGDONG 518000
CHINA

H3160

YING FRIEND 20251212
EFFECTIVE WITH CHECK DATED DEC 31 2025, YOUR ENTITLEMENT
WILL BE CHANGED AS FOLLOWS:

| | |
|---|---|
| CHILD SUPPORT | .00 |
| ALIMONY | .00 |
| COMM PROP | 362.62 |
| FED TAX | .00 |
| ADDL FED TAX | .00 |
| TAX CODE | M03 |

000282

YING FRIEND
7-C BUILDING B
BISHUIYUAN HONGHU ERJIE LUOHU
GUANGDONG 518000
CHINA

H3160

YING FRIEND 20260520

EFFECTIVE WITH CHECK DATED JUN 01 2026, YOUR ENTITLEMENT WILL BE CHANGED AS FOLLOWS:

| | |
|---|---|
| CHILD SUPPORT | .00 |
| ALIMONY | .00 |
| COMM PROP | 428.05 |
| FED TAX | .00 |
| ADDL FED TAX | .00 |
| TAX CODE | M03 |

000004

YING FRIEND
7-C BUILDING B
BISHUIYUAN HONGHU ERJIE LUOHU
GUANGDONG 518000
CHINA

H3160

# IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT

# STATE OF WYOMING, COUNTY OF LARAMIE

**Civil Action Case No. 2024-DR-0003050**

FILED
JUN 30 2026
DIANE SANCHEZ
CLERK OF THE DISTRICT COURT

---

**YING FRIEND,** Plaintiff, Pro Se

v.

**BRYANT R. FRIEND**, Defendant.

---

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE BY EMAIL

---

THIS MATTER having come before the Court on Plaintiff's Motion for Alternative Service by Email, and the Court being fully advised in the premises, it is hereby

ORDERED that Plaintiff's Motion is GRANTED;

ORDERED that service on Defendant **Bryant R. Friend** may be completed by emailing all documents to bryantfriend@yahoo.com;

ORDERED that once Plaintiff files a Certificate of Service confirming that she has sent the documents by email to Defendant, Defendant shall be deemed properly served under Rule 4, W.R.C.P.;

ORDERED that this Order shall apply to all future filings in this case.

---

Denied. PF
6/30/26
The rules do not currently ~~other~~ authorize the court to allow service in any particular manner. Plaintiff shall comply with Rule 4, W.R.C.P.
PF

DATED this______day of______, 2026.

*/s/ Peter H. Froelicher*

**PETER H. FROELICHER**

DISTRICT JUDGE

STATE OF WYOMING COUNTY OF LARAMIE, SS CHEYENNE
I Diane Sanchez, Clerk of the District Court in and for the County of Laramie, Wyoming, do hereby certify that the within and foregoing is a full true and correct copy of the original thereof as the same appears on file or of record in my office and that the same is in full force and effect as of this date.
Witness my hand and seal of said court this 30 day of June 2026
DIANE SANCHEZ
Clerk of District Court
By [signature]
Deputy

---

Respectfully submitted this 26th day of June, 2026.

*/s/ Ying Friend*

**Ying Friend,** Plaintiff Pro Se

7-C, Building B, Bishuiyuan Honghu Erjie

Luohu District, Shenzhen, Guangdong 518000

China

yingfriend777@gmail.com

---

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of June, 2026, a true and correct copy of the foregoing Proposed Order was served upon Defendant, **Bryant R. Friend**, via email at bryantfriend@yahoo.com.

*/s/ Ying Friend*

Ying Friend

Clerk of District Court certifies copies were distributed on June 30,26 to:

Ying Friend - M
7-C, Building B, Bishuiyuan Honghu Erjiè
Luohu District, Shenzhen, Guangdong 518000
China

Bryant Friend - M
Chyngyz Aitmatov 76, Apartment 23
Bishkek, 720001
Kyrgyzstan

F

# IN THE DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT

# STATE OF WYOMING, COUNTY OF LARAMIE

**Civil Action Case No. 2024-DR-0003050**

FILED
AUG 07 2026
DIANE SANCHEZ
CLERK OF THE DISTRICT COURT

---

**YING FRIEND**, Plaintiff, Pro Se

v.

**BRYANT R. FRIEND**, Defendant.

---

## PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ALTERNATIVE SERVICE BY EMAIL

---

THIS MATTER having come before the Court on Plaintiff's Motion for Reconsideration of Alternative Service by Email, and the Court being fully advised in the premises, it is hereby

ORDERED that Plaintiff's Motion is GRANTED;

ORDERED that this Court's previous order denying alternative service is VACATED;

ORDERED that service on Defendant **Bryant R. Friend** may be completed by emailing all documents to bryantfriend@yahoo.com;

ORDERED that once Plaintiff files a Certificate of Service confirming that she has sent the documents by email to Defendant, Defendant shall be deemed properly served under Rule 4, W.R.C.P.;

ORDERED that this Order shall apply to all future filings in this case.

---

Denied. PF

8/6/26

DATED this ______ day of ______, 2026.

STATE OF WYOMING COUNTY OF LARAMIE, SS CHEYENNE

I Diane Sanchez, Clerk of the District Court in and for the County of Laramie, Wyoming, do hereby certify that the within and foregoing is a full true and correct copy of the original thereof as the same appears on file or of record in my office and that the same is in full force and effect as of this date.

Witness my hand and seal of said court this 7 day of Aug 20 26

DIANE SANCHEZ
Clerk of District Court

By K. Brehe
Deputy

*/s/ Peter H. Froelicher*

**PETER H. FROELICHER**

DISTRICT JUDGE

---

Respectfully submitted this 7th day of July, 2026.

*/s/ Ying Friend*

Clerk of District Court certifies copies were distributed on August 7, 26 to:

Ying Friend, Plaintiff Pro Se -M

7-C, Building B, Bishuiyuan Honghu Erjie

Luohu District, Shenzhen, Guangdong 518000

China

yingfriend777@gmail.com

Bryant Friend -M
Chyngyz Aitmatov 76, Apt 23
Bishek, 720001
Kyrgyzstan

---

## CERTIFICATE OF SERVICE

I certify that on this 7th day of July, 2026, a true and correct copy of the foregoing Proposed Order was served upon Defendant, **Bryant R. Friend**, via email at bryantfriend@yahoo.com.

***/s/ Ying Friend***

Ying Friend

**EMS® 全球邮政特快专递**

**国际(地区)特快专递邮件详情单**
**INTERNATIONAL (REGIONAL) EXPRESS MAIL WAYBILL**

EA595306225CN

收寄局/ORIGIN OFFICE: 爱国

收寄日期/POSTING DATE & TIME: 2026 年 Y 9 月 M 30 日 D 17 时 H

寄件人/FROM: Ying Friend

电话(非常重要)/PHONE (VERY IMPORTANT): 177-4859-8443

城市/CITY: Shenzhen

国家(地区)/COUNTRY(REGION): P.R.C China

公司/COMPANY:

地址/ADDRESS: 7-C, Building B, Bishuiyuan Honghu Erjie, Luohu. GD

邮政编码/POSTAL CODE: 518000 518000

用户编码/CUSTOMER CODE:

如邮件无法投递，我选择 / IF SHIPMENT IS UNDELIVERABLE I AGREE THAT IT SHOULD BE: ☐ 退回 RETURNED ☐ 放弃 ABANDONED

我保证承担退回的费用 AND I ASSURE TO PAY FOR THE CHARGE OF RETURN

CN22 ☐ 文件资料 DOCUMENT ☐ 物品 PARCEL

如系包裹，请务必填写 CN23 报关单及提供商业发票或形式发票 / FOR PARCEL PLEASE FILL IN THE DECLARATION FORM CN23, PROVIDE COMMERCIAL INVOICE OR PROFORMA INVOICE AND CAREFULLY COMPLETE THE ITEMS BELOW IN ENGLISH

| 内件品名及详细说明 / DESCRIPTION OF CONTENTS | 数量 / NO. | 重量 / WEIGHT | 价值 / DECLARED VALUE | 原产地 / ORIGIN |
| --- | --- | --- | --- | --- |
| Legal Documents | 1 | 克 | 0 | |
| | | 千克/KG | 美元/USD | |

我保证上述申报内容真实及本邮件内未夹寄禁寄和危险物品 / I ASSURE THE TRUTH OF THE ABOVE DECLARATION AND I GUARANTEE THAT THE SHIPMENT DOES NOT CONTAIN ANY DANGEROUS AND PROHIBITED GOODS.

交寄人签名/SENDER'S SIGNATURE: [signature]

收件人/TO: Clerk of Court

城市/CITY: CHEYENNE

国家(地区)/COUNTRY(REGION): THE UNITED STATES OF AMERICA USA 美国

公司/COMPANY: U.S District ct. for the District of W.Y.

地址/ADDRESS: 2120 Capitol Ave., Room 2131

邮政编码/POSTAL CODE: 82001

电话(非常重要)/PHONE (VERY IMPORTANT): (307) 433-2120

体积/VOLUME: 长 L 0cm x 高 H 0cm x 宽 W 0cm = 立方厘米/cm³

总重量/TOTAL WEIGHT: 175 克 千克/KG

保价 INSURED ☐ 是 YES ☐ 否 NO

声明价值(人民币)/DECLARED VALUE(RMB): 4.00元

资费/CHARGE: 320.00元 ¥

其它费用/ADD CHARGE: [illegible]元 ¥

费用总计/TOTAL CHARGE: 324.00元 ¥

收寄人员签名/ACCEPTED BY (SIGNATURE): [illegible] Y年 M月 D日

收件人签名/RECEIVER'S NAME: Y年 M月 D日 H时 M分

Postmark: 东深 2026.09.30.17 爱国

Stamp: 已验视无违禁寄品 中心 验视人: [illegible]

EA595306225CN

http://www.ems.com.cn

中国邮政集团公司 CHINA POST GROUP

①收件人存/FOR ADDRESSEE

广州九恒条码股份有限公司承印 中国邮政速递物流股份有限公司监制 20年06月印制

10019423-C-R

扫码下单

退货无忧 扫码7元起

收寄日戳
POSTING STAMP

投递日戳
DELIVERY STAMP

EMS 中国邮政集团公司 CHINA POST GROUP

E A 5 9 5 3 0 6 2 2 5 C N

## 递封套EMS业务使用说明

注意/ATTENTION:

1. 请将妥填的EMS详情单贴在本封套空白处。
Please adhere completed EMS bill within the frame on the envelope;

2. 此封套仅限于封装厚度在10mm以内的文件资料。
This envelope is only available for sending documents with the thickness less than 10mm;

3. 邮件内请勿夹寄现金、危险品及任何禁寄物品。
Please do not put in EMS items cash, dangerous and all kinds of prohibited articles.

全国统一服务电话 11183
www.ems.com.cn

印制单位：山东坤泰智[illegible]科技有限公司
印 量：500万枚
生产日期：2025年[illegible]月


中国邮政
CHINA POST
EMS
全球邮政特快专递
WORLDWIDE EXPRESS MAIL SERVICE
EMS 中国邮政集团公司
CHINA POST GROUP
EA595306225CN
全心全速全球
国乒运动员 王曼昱
国乒运动员 孙颖莎
国乒运动员 王楚钦
中国国家乒乓球队战略合作伙伴
中国国家乒乓球队使用产品
扫码下单
退货无忧
扫码7元起
EMS手机下单、在线支付、邮件查询更轻松！
简单你的快递生活！
一键下单
手指轻轻一点 邮件轻松发出
在线支付
扫条码付运费 快捷在线支付
跟踪查询
邮件状态详情 随时随地查看
订单查阅
关注多个订单 状态主动反馈
全国统一服务电话 11183
www.ems.com.cn
上门取件拨打11183，自行交寄可到附近邮政网点